IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICK R. SAUNDERS, et al.,

                Plaintiff,                Case No. 3:11 CV 2481

-vs-

                                              MEMORANDUM OPINION

HURON COUNTY COMMISSIONERS

                Defendant.

KATZ, J.

This matter is before the Court on a complaint filed in the Huron County Court of Common Pleas by plaintiffs Patrick R. Saunders and Antoinette M. Saunders against defendants Huron County Commissioners, Huron County Sheriff Dane A. Howard, Huron County Sheriff's Deputy John Harris and Huron County Sheriff's Deputy Chuck Summers. (Doc. 1-1.) The defendants removed to this Court (Doc. 1) and the plaintiffs did not file a motion to remand. The defendants' joint motion for summary judgment (Doc. 18) pends, however, unrelated to that motion, the Court has an obligation to inquire into its own subject matter jurisdiction, *sua sponte*, and at any time. *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005) ("The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself.").

The Saunders allege that, due to a clerical error, the sheriff's deputies improperly arrested Mr. Saunders without either a warrant or probable cause. The state court complaint included four counts, all arising under state law: false arrest, intentional infliction of emotional distress, negligent infliction of emotional distress, and assault. (Doc. 1-1.) In their Removal Notice, the defendants said:

> It is unclear if Plaintiffs bring this action for alleged violations of their rights under the Constitution of the United States and 42 U.S.C. § 1983. (See Complaint, ¶ 5-10 and generally). The Complaint also appears to allege Fourth Amendment violations.

> Defendants contacted Plaintiffs' counsel via email and certified mail on November 04, 2011 to confirm that Plaintiffs were alleging violations of their constitutional rights under 42 U.S.C. §1983. See Exhibit B. Another request was made November 14, 2011. See Exhibit C. Plaintiffs' counsel has not responded.

(Removal Notice, Doc. 1 at ¶ 2.) In the two referenced email communications, defendants' counsel said he was unable to determine if the plaintiffs were asserting federal claims and asked for clarification. (Doc. 1-2 at 2.) "If I do not hear from you by end of business Friday, November 11, 2011 I will assume you intend to include 1983 claims and I will remove the above case to federal court." (*Id.*) The record contains no indication of a response from the Saunders' counsel.

Two months after removal, the Saunders filed an amended complaint. (Doc. 8.) In that, the first four state law claims remain unchanged but four new claims (Counts IV through VII) were appended and each of these alleges the defendants violated 42 U.S.C. § 1983 in making the arrest.

Removal is proper only when the plaintiff could have originally brought the action in the district court. 28 U.S.C. § 1441(a). "Absent complete pre-emption, the plaintiffs in a nondiversity action are masters of their complaint and may avoid federal subject-matter jurisdiction by relying exclusively on state law." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-94 (1987)). "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004); *accord Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 583 (6th Cir. 2011). "It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000) (quoting *In re Carter*, 618 F.2d 1093, 1101 (5th Cir.1980)). "Since the plaintiff is the 'master of his complaint,' the fact that a claim could be

stated under federal law does not prevent him from stating it under state law only." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006).

As it existed on the day of removal, the Saunders' original complaint avoided subject matter jurisdiction by forgoing any potential federal claim and relying exclusively on state law. Further, no federal statutory scheme preempts the four state law claims in this case. Therefore, because the Saunders could not have brought the original complaint in federal court, its removal was improper. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007) ("If the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable."); *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 515 (6th Cir. 2003) ("Generally, a state law claim cannot be 'recharacterized' as a federal claim for the purpose of removal.").

The amended complaint does not alter the four state law claims to allege they arose under federal law, but does raise federal questions in its added claims (that is whether the same actions violated the Saunders' constitutional rights giving rise to Section 1983 claims). "[W]hile 28 U.S.C. § 1653 permits amendments of a complaint to cure defective *allegations* of jurisdiction, it does not permit amendments to remedy actual jurisdictional defects." *Jones v. Knox Exploration Corp.*, 2 F.3d 181, 183 (6th Cir. 1993) (emphasis in original). Where amending one of the first four claims to clarify that it arose under federal law may have given the Court jurisdiction at the time of removal, tacking on additional claims is beyond the scope of curing defective allegations of jurisdiction. Thus, the amended complaint does not cure the original complaint's lack of subject matter jurisdiction.

In a separate analysis, when a case lacks subject matter jurisdiction at the time of removal, then the jurisdiction is subsequently cured, and then the case is tried on the merits to final judgment, in certain instances, an appellate court cannot take up the question of the district court's jurisdiction at the time the case was removed to it (that is, the amendment cures the defect and the court retains jurisdiction). *Grubbs v. Gen. Elec. Corp.*, 405 U.S. 699, 702 (1972); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 77 (1996) (extending the *Grubbs* rule to include some instances where the plaintiff timely (and properly) objected to the removal); *accord Gentek*, 491 F.3d at 327 (commenting on the practical effect of *Caterpillar* and its progeny); *see also Thompson v. Karr*, 182 F.3d 918, *4 (6th Cir. 1999) (table) (assembling cases that have extended the "tried on the merits" rule to include those cases disposed of on summary judgment).

This case is distinguishable from *Caterpillar* and *Gentek*, however, for two reasons. First, this Court has not held a trial or issued any judgment on the merits. Second, the original jurisdictional flaw is neither procedural nor even statutory; it is constitutional. The subsequent *Grupo Dataflux v. Atlas Global Group, L.P.*, limited *Caterpillar* to those cases in which the lack of jurisdiction was "cured" by dismissal of a non-diverse party before judgment. 541 U.S. 567, 573-74 (2004). The Supreme Court based the *Caterpillar* distinction on the fact that the district court had constitutional jurisdiction (Article III, Section 2 requires only minimal diversity) from the beginning even though it lacked statutory jurisdiction under the removal statute. *Id.* at 574. The later dismissal of a non-diverse party cured only the statutory defect (that is, Section 1441(a)'s requirement of complete diversity at the time of removal). *Id.* ("The resulting holding of *Caterpillar*, therefore, is only that a statutory defect . . . did not require dismissal once there was no longer any jurisdictional defect."); *accord AmSouth Bank v. Dale*, 386 F.3d 763, 778-79 (6th

4

Cir. 2004) (allowing jurisdiction where a dismissed defendant created complete diversity even though federal question was the originally pleaded source of jurisdiction).

In this case, in addition to lacking a federal question, the original complaint lacks an indication of even minimal diversity. Therefore, as removed, this Court did not have constitutional or statutory subject matter jurisdiction. Because of this, the case does not align with *Grubbs*, 405 U.S. at 702; *Caterpillar*, 519 U.S. at 77; or *Gentek*, 491 F.3d at 327. It is more akin to *Grupo Dataflux*, 541 U.S. at 574, which does not recognize later events as curing constitutional (rather than statutory) jurisdictional problems.

Because the Court lacks subject matter jurisdiction the case is remanded to the Huron County, Ohio Court of Common Pleas. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). The pending summary judgment motion (Doc. 18) is dismissed without prejudice.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE